IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JEROME ANTHONY THEUS,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, *et al.*

    Defendants.

ORDER

Case No. 14-cv-224-bbc

    In an order entered in this case on March 26, 2014 plaintiff was told that before the court could consider his request to proceed without prepayment of fees he would have to submit a trust fund account statement covering the six-month period preceding the filing of his complaint to determine if he qualifies for indigent status and if he does, assess an initial partial payment of the $350 fee for filing this case. A decision regarding plaintiff's indigency status cannot be determined at this time because the trust fund account statements he submitted do not cover the six-month period immediately preceding the filing of the complaint.

    Plaintiff has submitted a variety of weekly statements from July 2012, September 2012, September 2013, February 2013 and March 2013. These statements are insufficient to determine if plaintiff qualifies for indigency status. Instead, plaintiff must submit a certified copy of a trust fund account statement for the *entire* six-month period immediately preceding the filing of his complaint.

    As stated in the March 26 order, plaintiff's complaint was filed on March 21, 2014, so his trust fund account statement should cover the entire six-month period beginning approximately September 21, 2013 and ending approximately March 21, 2014. Once

1

plaintiff has submitted the necessary statement, I will calculate his initial partial payment and advise him of the amount he will have to pay before the court can screen the merits of his complaint under § 1915(e)(2).

ORDER

IT IS ORDERED that plaintiff may have an enlargement of time to May 5, 2014, in which to submit a certified copy of his trust fund account statement for the period beginning September 21, 2013 and ending approximately March 21, 2014. If, by May 5, 2014, plaintiff fails to respond to this order, I will assume that he wishes to withdraw this action voluntarily and, in that case, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 11th day of April, 2014.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge