IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEROME ANTHONY THEUS,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, *et al.*

    Defendants.

ORDER

Case No. 14-cv-224-bbc

---

On March 26, 2014 and again on April 11, 2014, plaintiff Jerome Theus was advised that before the court could consider his request to proceed without prepayment of fees he would have to submit a trust fund account statement covering the six-month period preceding the filing of his complaint to determine if he qualifies for indigent status and if he does, assess an initial partial payment of the $350 fee for filing this case. Plaintiff was cautioned that if he failed to do so, then the court would assume that he wished to withdraw the action voluntarily and the case would be closed. In response to those orders, plaintiff submitted a variety of weekly inmate account statements. The weekly statements were insufficient to determine if plaintiff qualified for indigency status. Plaintiff did not submit the required six-month trust fund account statement as directed, and indeed, his case was closed on May 9, 2014. Now, plaintiff has submitted a six-month trust fund account statement that covers the entire six-month period preceding the filing of his complaint. After considering plaintiff's six-month trust fund account statement, the court concludes that plaintiff qualifies for indigent status.

Even when a prisoner litigant qualifies for indigent status, he must pay a portion of the fee returned by the formula set forth in 28 U.S.C. § 1915(b)(1). According to this

formula, a prisoner litigant must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint.

In this case, 20% of the average monthly balance is $2.70, and 20% of the average monthly deposits made to his account is $1.28. Because the greater of the two amounts is 20% of the average monthly balance, or $2.70, that is the amount plaintiff will be assessed as an initial partial payment of the filing fee. For this case to proceed, plaintiff must submit this amount on or before June 23, 2014.

If plaintiff does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount plaintiff must pay at this time is the $2.70 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

ORDER

It is ORDERED that plaintiff Jerome Theus may have until June 23, 2014, in which to submit a check or money order made payable to the clerk of court in the amount of $2.70 as the initial partial payment assessed in this case. If plaintiff complies with this deadline, his

case will be reopened and screened on the merits pursuant to 28 U.S.C. § 1915(e)(2). Otherwise, this case will remain closed.

Entered this 3rd day of June, 2014.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge