IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEROME THEUS,

                OPINION and ORDER

        Plaintiff,

                14-cv-224-bbc

   v.

DEPARTMENT OF CORRECTIONS,
MICHELLE BONES, LORA BLASSIUS,
WIGANDS, HOWARD, MALONE, KEMP,
CO DIX, CO MORRIS, WILLIE LANE,
KEVIN WOOD, PHILLIP JOHNNY HILL,
CHARLES MADISON and ROGONVOOG,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEROME ANTHONY THEUS,

                OPINION and ORDER

        Plaintiff,

                13-cv-681-bbc

   v.

MS. WIGAND, MR. KEMPER and
MR. HOWARD,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In these civil actions, pro se plaintiff Jerome Theus, a prisoner at the Racine Correctional Institution, contends that defendants have violated the Eighth Amendment with respect to his medical needs and conditions of confinement and the Fourteenth

1

Amendment with respect to his property. Now, plaintiff has filed what I construe as a motion for a temporary restraining order in both lawsuits. 14-cv-224-bbc, dkt. #15; 13-cv-681-bbc, dkt. #23. Because plaintiff did not follow this court's procedures and because he has not shown that preliminary injunctive relief is warranted at this time, I am denying his motion. Plaintiff has also requested assistance in recruiting counsel in case no. 13-cv-681-bbc, dkt. #22. I am denying that motion as well, because plaintiff has not provided proof that he has made reasonable efforts in recruiting counsel on his own.

OPINION

A. Motion for a Temporary Restraining Order

Plaintiff has filed a letter that I construe as a motion for a temporary restraining order in which he asks the court to protect him from "bullying" by prison staff at Racine Correctional Institution. 14-cv-224-bbc, dkt. #15; 13-cv-681-bbc, dkt. #23. He also says that the shot for "TB medication" he received made him sick and that he requires "name brand" medicine for acid reflux disease. Id. Plaintiff asks that the restraining order be entered against CO Dix, CO Cruz, Mr. Howard, Mr. Kemper, Ms. Nygen, NP Lora, "the rest of HSU" and "the other staff." Id. at 1.

This motion must be denied for several reasons. First, as a general rule, courts will not grant injunctive relief against a person who is not a party to the lawsuit, and only defendants Howard and Kemper are parties to any of plaintiff's lawsuits on which he is proceeding at this time. Second, plaintiff's motion does not comply with this court's

2

procedures for obtaining preliminary injunctive relief. Under these procedures (a copy of which was included in the order dated March 18, 2014 in case no. 13-cv-681-bbc, denying plaintiff's motion for a preliminary injunction, dkt. #18), plaintiff must file with the court proposed findings of fact supporting his claim and submit any evidence he has to support his request for relief. Plaintiff has done neither.

Finally, even if I were to consider the merits of plaintiff's motion at this time, I would deny it. Granting preliminary injunctive relief is "is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." Roland Machinery Co. v. Dresser Industries, 749 F.2d 380, 389 (7th Cir. 1984). A district court must consider four factors in deciding whether a preliminary injunction should be granted. These factors are: (1) whether the plaintiff has a reasonable likelihood of success on the merits; (2) whether the plaintiff will have an adequate remedy at law or will be irreparably harmed if the injunction does not issue; (3) whether the threatened injury to the plaintiff outweighs the threatened harm an injunction may inflict on defendant; and (4) whether the granting of a preliminary injunction will disserve the public interest. Pelfresne v. Village of Williams Bay, 865 F.2d 877, 882-83 (7th Cir. 1989).

I am not persuaded that plaintiff has shown that he is entitled to a temporary restraining order or to a preliminary injunction. Plaintiff has not shown that he has any likelihood of success on the merits or that any harm to him is either imminent or irreparable. The failure to receive the medicine of one's choice is not a constitutional claim, Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997), and plaintiff's allegation of "bullying" is too

vague to support injunctive relief. Moreover, plaintiff's other filings suggest that what he means by "bullying" is verbal harassment and similar treatment, which is also not a claim upon which relief may be granted. E.g., Plt.'s Cpt., 14-cv-224-bbc, dkt. #1, at 5; Plt.'s Supp. to Cpt., 13-cv-681-bbc, dkt. #10, at 2-3 ("[T]hey bully me by saying that if I drool blood and acid on any linen I will have to pay for it. They also stare at me when I'm on the phone; [they're] always searching my room, blaming me for stuff I didn't do."). Accordingly, plaintiff's motion for a temporary restraining order will be denied.

I also note that plaintiff is not permitted to treat his two lawsuits as interchangeable and file the same document in both cases. Plaintiff's lawsuits involve distinct claims against different defendants. He must draft his filings accordingly, making it clear that each filing is directed to the unique facts and circumstances of each case.

### B. Motion for Assistance in Recruiting Counsel

Plaintiff has filed a letter in which he says that he wants a lawyer. His reasons for requesting assistance are what he says are the merits of his claims in case no. 13-cv-681-bbc. Plaintiff's motion must be denied because he has not shown that he has made reasonable efforts to find a lawyer on his own, which he must do before the court will intervene. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made reasonable efforts, he should give the court rejection letters from at least three lawyers. Therefore, plaintiff's motion will be denied without prejudice to his refiling it at a later date, with proof of his efforts in recruiting counsel.

ORDER

IT IS ORDERED that

1. Plaintiff's motion for a temporary restraining order, 14-cv-224-bbc, dkt. #15; 13-cv-681-bbc, dkt. #23, is DENIED.

2. Plaintiff's motion for assistance in recruiting counsel, 13-cv-681-bbc, dkt. #22, is DENIED without prejudice.

Entered this 17th day of July, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge