IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEROME THEUS,

                Plaintiff,

         v.

DEPARTMENT OF CORRECTIONS,
MICHELLE BONES, LORA BLASSIUS,
WIGANDS, HOWARD, MALONE, KEMP,
CO DIX, CO MORRIS, WILLIE LANE,
KEVIN WOOD, PHILLIP JOHNNY HILL,
CHARLES MADISON and ROGONVOOG,

                Defendants.

OPINION and ORDER

14-cv-224-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action, pro se plaintiff Jerome Theus, a prisoner at the Racine Correctional Institution, has filed a proposed complaint in which he alleges that defendants refused to give him proper medicine, verbally bullied him and interfered with his property. After screening plaintiff's proposed complaint under 28 U.S.C. § 1915A, I conclude that he cannot proceed on any of his claims because he has failed to state a claim with respect to most of his allegations and failed to allege sufficient facts to support his remaining allegations. However, plaintiff will have an opportunity to amend his complaint to allege sufficient facts that state a claim.

Plaintiff has requested assistance in recruiting counsel. Because he has not provided proof that he has made reasonable efforts in recruiting counsel on his own, this request will

be denied.

OPINION

A.  Failure to State a Claim

I am dismissing several of plaintiff's claims without giving him leave to amend his complaint because he cannot cure the problems with these claims by alleging additional facts. First, plaintiff says that defendant Michelle Bones dismisses "ICI's," without consulting witnesses and that she informs the people against whom the grievances are made.  (It appears that by "ICI's" plaintiff means prison grievance complaints.).  However, plaintiff has no constitutional right to particular procedures for grievance complaints filed within the prison system.  Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.").  Plaintiff has failed to state a claim against defendant Bones; additional facts would not cure the problem.

Second, plaintiff alleges that defendant Rogonvoog told plaintiff to "put [his] finger up [his] butt," Plt.'s Cpt., dkt. #1, at 3, after plaintiff informed him that he had been bitten by a bug.  Such comments may be unpleasant and even unprofessional, but they are not a constitutional violation.  DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000).  ("verbal harassment" of prisoners is "unprofessional and deplorable," but does not violate

2

Constitution).  Plaintiff's allegations do not state a claim against defendant Rogonvoog.

Third, plaintiff says that defendant C.O. Dix was responsible for plaintiff's property while plaintiff was in the segregation unit and that Dix lost the property.  In addition, plaintiff alleges that defendant Morris "play[s] with [plaintiff's] property," Plt.'s Cpt., dkt. #1, at 4.  I understand plaintiff to be contending that these defendants deprived him of his property without due process, in violation of the Fourteenth Amendment.  Plaintiff does not allege that either plaintiff acted pursuant to a prison policy; rather, his allegations suggest that defendants acted on their own in their treatment of plaintiff's property.

For random and unauthorized takings such as these, the due process clause does not require that the prisoner receive process *before* the deprivation; all that is required is that a meaningful remedy exists *after* the deprivation occurred.  Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.").  The state of Wisconsin provides post-deprivation procedures for challenging the alleged wrongful taking and destruction of property.  Wis. Stat. ch. 893 provides for tort actions to recover damages for wrongfully taken personal property and for the recovery of the property itself.  Because post-deprivation procedures were available in state court when his property was allegedly taken, plaintiff cannot contend that the state deprived him of due process by taking or interfering with his property.  Therefore, plaintiff's due process claim must be dismissed for failure to state a claim upon which relief may be granted.

B.  Failure to Allege Sufficient Facts

Plaintiff's remaining claims must be dismissed because he has not provided fair notice, as required by Fed. R. Civ. P. 8.  First, plaintiff alleges that defendant Lora Blasius (or "Laura," as he also spells her name) is a nurse who has failed to give plaintiff "proper medication."  Plt.'s Cpt., dkt. #1, at 3.  I understand plaintiff to be raising a claim under the Eighth Amendment, which prohibits prison officials from acting with deliberately indifference to an inmate's serious medical need.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  "Deliberate indifference" means that the officials are aware that the prisoner needs medical treatment, but disregard the risk by failing to take reasonable measures to respond to the prisoner's needs.  Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).

It is unclear what plaintiff means by defendant's failure to give him "proper" medicine and what effect this may have on plaintiff's health.  Some of plaintiff's filings in this case and in his other case pending this court suggest that he may mean that he believes he is not receiving the "proper" medication because he is receiving generic versions of his medicine rather than the name brand.  E.g., Plt.'s Mot. for Temp. Restrain. Ord., 14-cv-224-bbc, dkt. #15, at 1, 13-cv-681-bbc, dkt. #23, at 1 ("I'm begging for the nexium that the Head of Medical in Madison say I can get name brand . . . . "); Plt.'s Mot. for Counsel, 13-cv-681-bbc, dkt. #22, at 1 ("I'm ask[ing] for attorney [be]cause the whole HSU and Ms Aygren [won't] give me the name brand medication . . . . I try to . . . let [prison staff] know that I need the name brand nexium . . . . ").  Plaintiff cannot proceed on such a claim because he has no right under the Eighth Amendment to receive brand name medication.  "[T]he

4

Constitution is not a medical code that mandates specific medical treatment." <u>Forbes</u>, 112

F.3d at 266 (quoting <u>Snipes</u>, 95 F.3d at 592).

However, because I cannot conclude from plaintiff's complaint that this is the claim

he intends to bring, I will allow plaintiff a brief opportunity to amend his complaint to allege

sufficient facts to state a claim.  Should plaintiff choose to amend his complaint in an effort

to state a Eighth Amendment claim, he should try to answer some of the following questions:

    1.  For what condition is plaintiff receiving medication?

    2.  What is the problem with the medication plaintiff is currently receiving?

    3.  In what way is receiving this medication risking plaintiff's health?

    4.  Has defendant Blasius given any reason for giving plaintiff this medication?  If so,

what reason?

In addition to his medical care claim, plaintiff has listed the following parties as

defendants but has not alleged any facts about them:  Wigands, Howard, Malone, Kemp,

Willie Lane, Kevin Wood, Phillip Johnny Hill and Charles Madison.  Therefore, these

defendants will be dismissed from plaintiff's complaint, but plaintiff may amend his

complaint to allege facts against them.  The Department of Corrections will also be dismissed

as a defendant because state agencies are not suable "persons" under 42 U.S.C. § 1983.  <u>Will</u>

<u>v. Michigan Department of State Police</u>, 491 U.S. 58, 65-66, (1989).

Should plaintiff choose to amend his complaint, he should be aware that his amended

complaint must completely replace his current complaint, which means that in the amended

complaint he must allege *all* facts necessary to state his claims and he must list in the caption

of the complaint *all* defendants he intends to sue.  (The caption is the heading of the complaint that lists all the parties in the lawsuit and the court in which the lawsuit is brought.)  In addition, plaintiff should consider whether his allegations will violate Fed. R. Civ. P. 20, which prohibits plaintiffs from asserting unrelated claims against different defendants.  Plaintiff will not be permitted to proceed in one case on claims against different defendants unless the claims are related.

C.   Motion for Assistance in Recruiting Counsel

Plaintiff requests a lawyer in the "relief requested" section of his proposed complaint. Plaintiff's request must be denied because he must make reasonable efforts to find a lawyer on his own before the court will intervene, and he has not provided any evidence showing that he has made these efforts.  Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992).  Plaintiff should give the court rejection letters from at least three lawyers.  Further, plaintiff has not yet been granted leave to proceed in this case, so it is too early to determine whether the complexity of the case or plaintiff's skills in prosecuting it may warrant the assistance of a lawyer.  Pruitt v. Mote, 503 F.3d 647,663 (7th Cir. 2007).  Therefore, plaintiff's motion will be denied without prejudice to his refiling it at a later date, with proof of his efforts in recruiting counsel.

ORDER

IT IS ORDERED that

1.  Plaintiff Jerome Theus is DENIED leave to proceed on his claims at this time and his complaint, dkt. #1, is DISMISSED with respect to the following claims:  (1) defendant Michelle Bones has not provided adequate grievance procedures; (2) defendant Rogonvoog verbally bullied plaintiff in violation of the Eighth Amendment; and (3) CO Dix and CO Morris interfered with plaintiff's property in violation of the Fourteenth Amendment.  The complaint is DISMISSED as to these defendants and defendant Department of Corrections.

2.  Plaintiff's complaint, dkt. #1, is DISMISSED without prejudice for his failure to comply with Fed. R. Civ. P. 8 with respect to his claim that he has not received proper medicine and with respect to any claims he intends to assert against defendants Wigands, Howard, Kemp, Willie Lane, Kevin Wood, Phillip Johnny Hill and Charles Madison. Plaintiff may have until August 6, 2014 to file an amended complaint that complies with the Federal Rules of Civil Procedure as described in this order.  If plaintiff fails to respond by that date, I will dismiss the case for plaintiff's failure to state a claim upon which relief may be granted.

3.  Plaintiff's motion for assistance in recruiting counsel, dkt. #1, is DENIED without prejudice.

Entered this 17th day of July, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge